IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America | ) | C.A. 4:01-cr-00786-CWH-1 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Lawrence S. Spivey | ) | |

## I. Background

On January 16, 2002, a jury found the defendant, Lawrence Spivey (the "defendant"), guilty of one count of possession with intent to distribute less than five grams of crack cocaine (Count 1), and one count of simple possession of less than five grams of crack cocaine (Count 2), both in violation of 21 U.S.C. § 841(a)(1) (2000); and one count of possession of a firearm by a convicted felon (Count 4), in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) (2000). The Court sentenced the defendant to a term of 200 months in prison, to be followed by three years of supervised release. (ECF No. 39). The defendant's convictions and sentence were affirmed on appeal. United States v. Spivey, 64 F. App'x 905, 906 (4th Cir. 2003) (unpublished per curiam opinion). The defendant did not petition for a writ for certiorari to the United States Supreme Court.

Thereafter, the defendant filed a motion pursuant to 28 U.S.C. § 2255, which was denied. Spivey v. United States, No. 4:04-1872 (D.S.C. Mar. 28, 2005). The defendant then filed a motion to alter or amend the judgment, which likewise was denied on April 26, 2005. (ECF No. 21). The defendant's appeal of this Court's orders denying him relief was not timely filed, and



therefore was dismissed for lack of jurisdiction. United States v. Spivey, 158 F. App'x 477, 478 (4th Cir. 2005) (unpublished per curiam opinion).

**II. Pending motions**

The defendant has filed three motions that the Court will address in chronological order. The defendant's first motion seeks copies of nine specific docket entries "for the Defendants [sic] appeals process."[1] It is well-settled that copies of transcripts and court documents may be provided to an indigent litigant at government expense upon a showing by the litigant of a particularized need for the documents. Morin v. United States, 522 F.2d 8, 9 (4th Cir. 1975) (per curiam). A demonstration of need is crucial; an indigent defendant is not entitled to copies of court documents or transcripts at government expense "merely to comb the record in hope of discovering some flaw." United States v. Glass, 317 F.2d 200, 202 (4th Cir. 1963) (footnote omitted).

The defendant claims that he needs copies of the documents "for his appeal." Although an indigent defendant is constitutionally entitled to a free transcript of a prior proceeding when that transcript is needed for an effective defense or appeal, Britt v. North Carolina, 404 U.S. 226, 227 (1971), the record reflects the defendant filed his motion approximately five years after the Fourth Circuit had decided his appeal adversely to him. Furthermore, the Fourth Circuit

---

[1] The defendant seeks copies of the following: the motion for discovery and inspection filed on his behalf (ECF No. 13); the motion for disclosure of intention to use evidence filed on his behalf (ECF No. 14); the United States' motion for reciprocal discovery (ECF No. 15); the jury selection proceedings held on January 7, 2002 (ECF No. 24); the defendant's pro se motion for Grand Jury transcript proceedings and minutes (ECF No. 35); a copy of the filed transcript of the jury selection proceedings held on January 7, 2002 (ECF No. 44); a copy of the filed transcript of trial proceedings held on January 14 and 15, 2002 (ECF Nos. 46, 47); and a copy of the filed transcript of the sentencing hearing held on August 22, 2002 (ECF No. 48).



dismissed the defendant's § 2255 petition for lack of jurisdiction, and, on December 17, 2009, the Fourth Circuit denied the defendant's motion for authorization to file a successive habeas application. (ECF No. 61). The Court finds that the defendant has not shown any need whatsoever for the copies of the docket entries he requested, and, therefore, the defendant's first motion (ECF No. 56) is denied.

The defendant's second motion seeks the reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), by operation of the retroactive amendments to the crack cocaine guidelines. However, § 3582(c)(2), in pertinent part, only authorizes sentencing reductions "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered . . . ." Here, § 3582(c)(2) affords the defendant no relief because his sentence was not based on the crack cocaine offense levels, but on his status as an armed career offender. See Sentence Reduction Report (ECF No. 57). Therefore, the defendant's motion pursuant to § 3582(c)(2) (ECF No. 58) is denied.

The defendant's third motion is styled as an "application to file in forma pauperis,"[2] but it actually is a motion requesting, free of charge, copies of the sentencing transcript, the trial transcript, his § 2255 motion and the government's response thereto, his motion for reconsideration, the government's motion for summary judgment, a "discovery motion," and copies of the motion for a certificate of appealability and the government's response thereto. The defendant contends that he needs these documents "in order to proceed on appeal of this Court's denial of my Motion to Vacate, Set-Aside or Correct [the] Sentence, pursuant to 28 U.S.C. §

---

[2] The defendant submitted a certificate stating the amount of money in his Bureau of Prisons account, but did not submit an application to proceed in forma pauperis.



2255." (ECF No. 59 at 1).³ According to the docket, the Court of Appeals later denied the defendant's § 2244 motion for an order authorizing the district court to consider a successive application for relief under § 2255. (ECF No. 61: In re: Lawrence S. Spivey, No. 09-303 (4th Cir. Dec. 16, 2009)). The defendant cannot file a second § 2255 motion because it would amount to a successive collateral review application over which this Court has no jurisdiction. See United States v. Winestock, 340 F.3d 200, 206-07 (4th Cir. 2003).

In addition, the defendant claims that he needs the documents to prepare a "[Rule] 60(b)(6) motion of actual innocence within this Court at a future date, as well as a motion asking the Court to compell [sic] the government to file a reduction of sentence motion under 35(b)." (ECF No. 59 at 1). At first blush, it might appear that the defendant has stated a "particularized need" for the documents. See Morin, 522 F.2d at 9 (holding that an inmate seeking a transcript is "entitled to his own copy only upon a showing of particularized need"). A particularized need is defined as a showing that the suit for which the transcript is desired is not frivolous and that the transcript is necessary to decide the issues presented. United States v. MacCollom, 426 U.S. 317, 323-30 (1976). But even if the defendant were to file a Rule 60(b) motion to assert his contemplated claim of actual innocence, the motion would be construed as a subsequent § 2255 petition if the motion sought to add new claims, or attempted to relitigate claims adjudicated in his first habeas petition.⁴ Gonzales v. Crosby, 545 U.S. 524, 532 (2005) (holding, in a § 2254

---

³ It appears that the defendant is seeking some of the same documents as requested in his first motion.

⁴ It is likely that any subsequent habeas corpus petition which defendant files may be deemed a "second or successive" petition which the Anti-Terrorism and Effective Death Penalty Act generally prohibits. See 28 U.S.C. § 2244(b)(1).



context, that only when a Rule 60(b) motion attacks "some defect in the integrity of the federal habeas proceedings," should it be considered a Rule 60(b) motion and not a successive habeas petition). The defendant did not receive certification to file a second habeas petition. In addition, even if the defendant were to file a Rule 60(b)(6) motion, it likely would be time-barred because it was not filed within a "reasonable" time.

Finally, with respect to the defendant's need for the documents in order to "compell [sic] the government to file a reduction of sentence motion under 35(b)," the docket reflects that on June 4, 2013, the government filed a Rule 35(b) motion as to the defendant. Therefore, the defendant has no need for the documents and his motion (ECF No. 59) is denied.

### III. Conclusion

For the foregoing reasons, the defendant's motions (ECF Nos. 56, 58, and 59) are denied.

**AND IT IS SO ORDERED.**

C. WESTON HOUCK
**UNITED STATES DISTRICT JUDGE**

June 10, 2013
Charleston, South Carolina